**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| BRITESTARR HOMES, INC., | : | |
| | : | Case No. 02-50811 |
|       Debtor. | : | |

_____

| | | |
|---|---|---|
| | : | |
| BRITESTARR HOMES, INC. and OAK POINT | : | Adv. Proc. No. 07-05020 |
| PROPERTY, L.L.C., | : | |
| | : | |
|       Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW YORK, | : | |
| | : | |
|       Defendant. | : | |

_____

APPEARANCES:

Randy M. Mastro, Esq.　　　　　　　　　　　　　　　Attorneys for Plaintiff
Marshall R. King, Esq.　　　　　　　　　　　　　　　Britestarr Homes, Inc.
Gibson, Dunn & Crutcher, L.L.P.
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Melissa Zelen Neier, Esq.
Kent C. Kolbig, Esq.
Ivey, Barnum & O'Mara, L.L.C.
170 Mason Street
Greenwich, CT 06830

Timothy D. Miltenberger, Esq.　　　　　　　　　　　Attorneys for Plaintiff
Richard M. Coan, Esq.　　　　　　　　　　　　　　　Oak Point Properties,
Coan, Lewendon, Gulliver & Miltenberger, L.L.C.　　L.L.C.
495 Orange Street
New Haven, CT 06511

Neil Schaier, Esq.　　　　　　　　　　　　　　　　　Attorneys for Defendant
Hugh H. Shull, Esq.　　　　　　　　　　　　　　　　City of New York
Office of Michael A. Cardozo

1

Corporation Counsel of the City of New York
New York City Law Department
100 Church Street, Room 5-246
New York, NY 10004
_____

### MEMORANDUM AND INTERIM ORDER
### ON MOTION FOR PRELIMINARY INJUNCTION

Alan H. W. Shiff, United States Bankruptcy Judge

### BACKGROUND

On May 20, 2002, Britestarr Homes, Inc. commenced this chapter 11 case. On June 29, 2004, the court confirmed the debtor's Second Amended Plan of Reorganization. The plan provides, among other things, for the transfer of Oak Point Property, a "certain 28-acre parcel of land located in Hunts Point, Bronx New York", *see* ¶ 1.1.25, on a certain date ("Closing Date"). *See* ¶ 7.4. If the conditions precedent to the Closing Date do not occur by a specific date, "then the Oak Point Property will be sold at auction under the auspices of the Bankruptcy Court . . .". *Id*.

On December 5, 2006, the court approved a Settlement Agreement between the debtor and the defendant regarding a tax claim dispute. On April 11, 2007, the debtor and Oak Point Property, L.L.C. filed the instant adversary proceeding for injunctive relief against the defendant, alleging a breach of that agreement. *See* 11 U.S.C. §§105(a), 1142(b); Fed. R. Bankr. P. 7001, 7065; Fed. R. Civ. P. 65. On that date, the plaintiffs also filed an emergency motion for a temporary restraining order and a preliminary injunction ("plaintiffs' motion").

At an April 13, 2007 hearing on the plaintiffs' motion, the court considered the arguments of counsel and entered an order which restrained the defendant from advertising, noticing, or otherwise taking any actions, directly or indirectly, to advance plans or take necessary preliminary steps to condemn the subject property, including actions that

are "part of the certification process . . . to acquire [the subject property] by negotiation or to acquire it by other means". See statement by defendant's attorney, Tr. April 13, 2007 at 5-6; see also 9, 39-40.

On April 25, 2007, the defendant filed an objection to the plaintiffs' motion, which was scheduled for hearing on April 26 and 27, 2007.[1] In anticipation of that hearing, the defendant requested and the court ruled, over the plaintiffs' opposition, that the hearing would be limited to defendant's argument[2] that it did not breach the Settlement Agreement. However, at that hearing, the court concluded that an evidentiary hearing was necessary to consider the claim in plaintiffs' motion that alleged acts by the defendant irreparably injured the plaintiff debtor. In order to expeditiously accommodate that hearing, the parties, including the creditors' committee, agreed to a pretrial order, memoranda schedule and trial dates of June 12 - 15, 2007.[3]  See Tr. April 27, 2007 at 11-18; see also April 30, 2007 Pretrial Oder.  This interim order memorializes a bench order that entered on April 27, 2007. See Tr. April 27, 2007 at 14-15; see also infra.

## DISCUSSION

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". 11 U.S.C. §105(a).

---

[1] According to FED. R. CIV. P. 65, made applicable by FED. R. BANKR. P. 7065, the temporary restraining order would expire in 10 days "unless the party against whom the order is directed consents that it may be extended for a longer period". FED. R. CIV. P. 65(b).  The defendant consented to the extension of the temporary restraining order until April 26, 2007.  Tr. April 13, 2007 at 41.

[2] On April 20, 2007, at the defendant's request, a telephonic conference was conducted with the participation of both parties on the most efficient schedule for this proceeding.

[3] Having concluded that an evidentiary hearing was necessary, the parties agreed that a short delay would be insufficient for the parties to have an adequate opportunity for discovery and other preparation for trial.

In this circuit, "it has been repeatedly held . . . that the usual grounds for injunctive relief [under FED R. BANKR. P. 7065], such as irreparable injury, need not be shown in a proceeding for an injunction under section 105(a)". *In re Adelphia Communications Corp.*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) (citing *In re Chateaugay Corp. Reomar, Inc.; LIV Steel Co., Inc. v. Board of Edu. of the Cleveland City School District*, 93 B.R. 26, 29 (S.D.N.Y. 1988), *appeal dismissed at* 924 F.2d 480 (2d Cir. 1991), other citations omitted); *see also In re Carabetta Enterprises, Inc.,* 162 B.R. 399, 405 (Bankr. D. Conn 1993); *In re Rubenstein*, 105 B.R. 198, 204, n.10 (Bankr. D. Conn. 1989); *Cf. Momentum Manufacturing Corp. v. Employee Creditors Committee (In re Momentum Manufacturing Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994) ("We have repeatedly emphasized the importance of the bankruptcy court's equitable power . . . We have also stressed that a bankruptcy court 'may sift the circumstances surrounding any claim in order to ascertain that injustice or unfairness is not accomplished in the administration of the debtor's estate, and in so doing it may adopt that remedy which it deems most appropriate under the circumstances'") (citations omitted)*; MacArthur Co. v. Johns-Masville Corp (In re Johns-Manville)*, 837 F.2d 89, 93 (2d Cir. 1988), cert. denied, 488 U.S. 868 (1988) ("[t]his provision [§105(a)] has been construed liberally to enjoin suits that might impede the reorganization process") (citations omitted); *In re Prussia Assoc.*, 322 B.R. 572, 596 (Bankr. E.D. Pa. 2005)("Temporary or status quo injunctions have been sanctioned by the Supreme Court as an available tool to promote a Debtor's reorganization effort") (citing *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 675, 55 S. Ct. 595, 605-606, 79 L. Ed. 1110 (1935); *Celotex Corp. v. Edwards*, 514 U.S. 300, 310, 115 S. Ct. 1493, 1500, 131 L. Ed. 2d 403 (1995)).

## CONCLUSION

On April 27, 2007, in order to maintain the status quo pending the continued hearing on the plaintiffs' motion, the court entered an interim bench order under code §105(a) which enjoined the defendant from the acts prohibited by the temporary restraining order, *see supra*, until the trial of the irreparable harm issue and decision on the plaintiffs' preliminary

injunction motion.  *See* Tr. April 27, 2007 at 14-15.  That order is hereby restated, and IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 10th day of May 2007.

                                  Alan H. W. Shiff
                         United States Bankruptcy Judge